# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROLAND WILSON, <br> # R08731, <br><br> Plaintiff, <br><br> vs. <br><br> PENNY GEORGE, <br> DON VINYARD, <br> JANE DOE, <br> DR. DAVID, <br> WEXFORD MEDICAL, <br> KEVIN HALLORAN, <br> ALLEN KARRAKER, <br> JOE ABBETT, <br> JOHN BALDWIN, <br> NURSE MELISSA 1, and <br> NURSE MELISSA 2, <br><br> Defendants. | Case No. 18-cv-1783-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Roland Wilson, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Vienna Correctional Center ("Vienna"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. According to the Complaint, Plaintiff's medical records have been confused with another inmate with the same last name. As a result, Plaintiff claims he has not been receiving appropriate medical care. Plaintiff asserts Eighth Amendment claims against various officials for failing to correct the mistake and/or for the provision of constitutionally inadequate medical care. Plaintiff seeks damages and injunctive relief (presumably at the close of the case).

The Complaint is now before the Court for screening pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court must dismiss any claims that are frivolous, malicious, fail to

1

state a claim upon which relief may be granted, or ask for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

### THE COMPLAINT

According to the Complaint, Plaintiff is a mental health patient who takes the following medications: Tramadol, Neurontin, Klonipin, Boost Bars, Trazodone, Buspar, Prazosin, Levothyroxine, Lisinopril, and Famotidine. (Doc. 1, pp. 5-6). He also has been diagnosed with Spongiotic Psoriasiform Dermatitis, a condition that causes excruciating pain in his feet. (Doc. 1, pp. 8-10, 28).

In December 2017, medical personnel at Vienna began mistaking Plaintiff for Deon Wilson, another inmate with the same last name. (Doc. 1, pp. 7-9, 18). As a result, Plaintiff claims he underwent lab work (blood tests on February 6, 2018) intended for Deon Wilson. (Doc. 1, pp. 7-9). Plaintiff also received the wrong medication on one occasion.[1] (Doc. 1, pp. 7-9, 11, 20-24). Specifically, on February 22, 2018, Jane Doe Nurse gave Plaintiff 75 mg of Buspar. (Doc. 1, pp. 11, 22-23). Plaintiff told her he was only supposed to take 30 mg of Buspar. She responded by yelling at him and threatening him with disciplinary action. *Id.* Plaintiff took the medication as directed, fearing a disciplinary report. *Id.*

Because of the error in his medical records, Plaintiff has not been receiving treatment for his Spongiotic Psoriasiform Dermatitis, and the lack of treatment is causing severe pain, including muscle cramps and spasms. (Doc. 1, pp. 9, 10-12, 15). Plaintiff informed George and "other health care staff" about being denied treatment for this condition, but no action was taken. *Id.* Plaintiff also has told Dr. David about his prior diagnosis and the need for treatment, but Dr. David has refused to provide any treatment. *Id.*

---

[1] On February 11 and February 19, 2018, Plaintiff almost received the wrong medication. On both occasions, however, a nurse recognized and corrected the mistake. *Id.* On February 28, 2018, a nurse gave Plaintiff 15 mg of Buspar (he was supposed to receive 30 mg of Buspar). (Doc. 1, p. 23). When Plaintiff notified the nurse of the mistake, the nurse indicated he had mistaken Plaintiff for another inmate with the same last name. *Id.*

Plaintiff and Deon Wilson both filed grievances pertaining to the confusion. (Doc. 1, pp. 8, 20-32). Plaintiff's first grievance, dated February 6, 2018, was denied by a grievance counselor after conferring with Health Care Administrator George. (Doc. 1, pp. 20-21). George indicated that he conferred with Plaintiff's physician, and the physician stated the blood testing performed on February 6, 2018 was intended for Roland Wilson and not Deon Wilson. *Id.* Plaintiff's second grievance, dated March 1, 2018, complained that he was still being confused with Deon Wilson. (Doc. 1, pp. 22-24). The grievance was upheld; Defendant Vinyard said he would retrain the nursing staff, and Plaintiff was directed to contact Vinyard if he experienced any additional problems. *Id.*

Finally, Plaintiff claims that unspecified medical officials violated the Health Insurance Portability and Accountability Act ("HIPAA") by disclosing Deon Wilson's privileged medical information to Plaintiff. (Doc. 1, pp. 7, 12).

## DISMISSAL OF CERTAIN DEFENDANTS

As an initial matter, the following defendants shall be dismissed without prejudice because Plaintiff did not reference them in the statement of claim and did not associate them with a specific act of wrongdoing:

- Wexford Medical
- Kevin Halloran
- Allen Karraker
- Joe Abbett
- John Baldwin
- Nurse Melissa 1
- Nurse Melissa 2

*See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974).

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit. Any claims not addressed in this Order should be considered dismissed without prejudice from this action.

**Count 1:** Eighth Amendment claim against David for failing to treat Plaintiff's painful condition (Spongiotic Psoriasiform Dermatitis), and against George for failing to take steps to remedy the alleged denial of treatment.

**Count 2:** Eighth Amendment claim against Jane Doe for causing Plaintiff to ingest the wrong dosage of Buspar on February 22, 2018, despite Plaintiff alerting her to the mistake.

**Count 3:** Eighth Amendment claim against George for his role in responding to Plaintiff's February 6, 2018 grievance.

**Count 4:** Eighth Amendment claim against Vineyard for his role in responding to Plaintiff's March 1, 2018 grievance.

**Count 5:** Claim against defendants for disclosing Deon Wilson's medical information to Plaintiff, in violation of HIPAA.

### Count 1

Plaintiff was diagnosed with Spongiotic Psoriasiform Dermatitis on or about July 7, 2017. (Doc. 1, pp. 9, 28). According to the Complaint, medical officials are refusing to treat him for this condition, possibly because his medical records have been confused with Deon Wilson's medical records. (Doc. 1, p. 9). The only defendants specifically associated with this claim are Dr. David and Healthcare Administrator George. Dr. David allegedly refused to provide any treatment, despite knowing about the diagnosis. Healthcare Administrator George allegedly knew Plaintiff was being denied care but failed to take any action to remedy the problem. *Id.* These allegations are sufficient to allow Count 1 to proceed as to Dr. David. *See* e.g., *Farmer v.*

*Brennan*, 511 U.S. 825 (1994); *Perez v. Fenoglio*, 792 F.3d 768 (7th Cir. 2015). Count 1 also may proceed against George to the extent that Plaintiff claims he "turned a blind eye" to an ongoing constitutional deprivation. *See Perez*, 792 F.3d at 781-82.

**Count 2**

According to the Complaint, on February 22, 2018, Jane Doe gave Plaintiff the wrong dosage of medicine (75 mg of Buspar instead of 30 mg of Buspar). Whether an isolated incident such as this could provide the basis for an Eighth Amendment claim is questionable; it seems more like negligence. *See Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002) (negligence and medical malpractice do not constitute deliberate indifference). Nonetheless, depending on the circumstances, administering the wrong dosage of medication could pose a substantial risk of harm (particularly where, as here, Plaintiff received more than double his usual dosage and was taking a number of other prescription medications at the same time). Additionally, Plaintiff claims he told Jane Doe it was the wrong dosage, but she forced him to take the medicine anyway. Given these allegations and the early stage of the proceedings, the Court will allow Count 2 to proceed.

**Counts 3 and 4**

Plaintiff claims all of the defendants exhibited deliberate indifference to his serious medical needs by failing to correct mistakes in his medical records, but the only defendants Plaintiff specifically references are George and Vinyard. George investigated the February grievance and concluded that the labs "drawn on 2/6/18 were the correct labs that were ordered by the MD on 2/2/18 for offender Wilson R08731." (Doc. 1, p. 20). This indicates that George investigated the complaint and deferred to the treating physician; such conduct does not support a claim for deliberate indifference. *See Figgs v. Dawson,* 829 F.3d 895, 903-04 (7th Cir. 2016); *Johnson v. Doughty,* 433 F.3d 1001, 1011 (7th Cir. 2006) (same); *Greeno v. Daley,* 414 F.3d

5

645, 656 (7th Cir. 2005). Vineyard was involved in responding to Plaintiff's March 2018 grievance. (Doc. 1, pp. 22-24). After conferring with Vineyard, the grievance officer recommended that the grievance be upheld. *Id.* Vineyard indicated she would review medication administration with the nursing staff and directed Plaintiff to contact her if problems continued. *Id.* Thus, Vinyard investigated Plaintiff's claims and stated she would act to correct the problem. This conduct does not suggest deliberate indifference. Accordingly, Counts 3 and 4 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**Count 5**

This claim is subject to dismissal with prejudice for two reasons: First, there is no private right of action under HIPAA. *Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011). Second, Plaintiff lacks standing to bring claims for an alleged violation of Deon Wilson's rights. *See Shimer v. Washington,* 100 F.3d 506, 508 (7th Cir. 1996); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). Accordingly, Count 4 shall be dismissed with prejudice.

<u>**VIENNA'S WARDEN**</u>

Vienna's Warden, Matthew Swalls, will be added to the docket (official capacity only) to respond to discovery aimed at identifying Jane Doe. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). He is also an appropriate official capacity party with respect to Plaintiff's request for injunctive relief. *See Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

Guidelines for discovery will be set by separate order. Once Jane Doe's name is discovered, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designation in the case caption and throughout the Complaint.

# MOTION FOR RECRUITMENT OF COUNSEL[2]

According to the Motion for Recruitment of Counsel (Doc. 3), Plaintiff is an illiterate mental health patient who takes multiple prescription medications and cannot speak, write, or read English. (Doc. 3, pp. 3-4). He also indicates that two jailhouse lawyers have assisted him in drafting pleadings in this case. (Doc. 1, p. 4). Obviously, Plaintiff has identified several impairments that may deter his ability to pursue this action *pro se*. Nonetheless, the motion will be denied at this time. Plaintiff states that he has written to three attorneys in an attempt to retain counsel, but he is "still waiting on [a] response" from each attorney.[3] (Doc. 1, p. 1). The Court finds that, while responses to Plaintiff's requests are pending, the recruitment of counsel is premature. Moreover, given the early stage of the litigation, it is difficult to accurately evaluate the need for assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged."). The Court encourages Plaintiff to renew his request for the appointment of counsel at a later date. If Plaintiff does renew his request, he should give the Court rejection letters from at least three lawyers to prove that he has made reasonable efforts to find a lawyer on his own.

For the reasons stated above, the Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice. The Court will remain open to appoint counsel as the case progresses.

# DISPOSITION

The Clerk of Court is **DIRECTED** to add Vienna's Warden, Matthew Swalls, as a defendant in the Court's Case Management/Electronic Case Filing ("CM/ECF") system. Swalls

---

[2] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.
[3] The Motion indicates that the inquiry letters are attached as exhibits. However, only one letter (rejecting one of Plaintiff's inquiries) is attached. Without additional information, the Court cannot evaluate whether Plaintiff has made a reasonable attempt to secure counsel.

will be responsible for responding to discovery aimed at identifying Jane Doe and carrying out any injunctive relief that might be ordered.

**IT IS HEREBY ORDERED** that **COUNT 1** shall receive further review as to **GEORGE** and **DAVID.**

**IT IS FURTHER ORDERED** that **COUNT 2** shall receive further review as to **JANE DOE.**

**IT IS FURTHER ORDERED** that **COUNTS 3** and **4** are **DISMISSED** without prejudice, and **COUNT 5** is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that **VINYARD, WEXFORD MEDICAL, HALLORAN, KARRAKER, ABBETT, BALDWIN, MELISSA 1,** and **MELISSA 2** are **DISMISSED** from the Complaint without prejudice. The Clerk of Court is **DIRECTED** to terminate these defendants as parties in CM/ECF.

**IT IS FURTHER ORDERED** that, with respect to **COUNTS 1** and **2**, the Clerk of Court shall prepare for **SWALLS** (official capacity only), **GEORGE,** and **DAVID**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If one of the defendants fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if

8

not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on Jane Doe until Plaintiff has identified her by name in a properly filed Motion for Substitution of Parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, now that service of process has been ordered, Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the

defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.

**IT IS SO ORDERED.**

**DATED:  October 29, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**